Johnson, C. J. The appellant moved the court below to exclude the account offered by the appellees; first, because it was not marked filed by the justice; and secondly, because all the items contained in it appeared to bear date prior to the execution of the note sued upon and the endorsements thereon, and also moved the court at the same time to exclude such items as were barred by the statute of limitations. The first objection is unsupported by the record, as it is expressly stated by the justice that the defendants filed their account against the plaintiff. It is not essential that the bill of particulars should be actually marked filed, in case it shall appear by the transcript of the justice that it was filed in his office.It certainly cannot be contended that the court should have excluded the account because the items bore date prior to the execution of the note upon which the action was founded. The note, though it should raise a presumption against the account, yet it could not possibly amount to conclusive evidence of payment. The court was not at liberty to exclude the set-off upon mere motion, as the appellees, for aught that appeared, might have been in possession of sufficient evidence to rebut and even destroy .any presumption of payment that could have been raised by the execution of the note. It is clear that it was the duty of the court to decline any action in reference to the claim set up by the appellees until the testimony was entirely closed, and then if called upon, to have instructed as to the law arising upon the facts as detailed before the jury. That branch of the motion which sought to exclude such items of the account as were barred by the statute of limitations, was equally ill-timed as the court could not by any possibility have foreseen what additional evidence the appellees might have offered to take such items out of the operation of the act. It did not necessarily follow that the claim, though it should appear on its face to be barred by the statute, would not be competent to go to the jury, as it was-susceptible of proof to take it out of the limitation act. The moment the appellant attacked the set-off, upon the ground that it was-barred by the statute of limitations, it was the right of the appellees to have introduced any matter calculated to defeat that plea. The court could not by thus excluding the account deprive the party offering it, of his right to support it by such proof as would have' destroyed the statute bar. We think it clear therefore that the' court decided correctly in refusing the motion. The next objection is that the evidence was not sufficient to warrant the verdict of the jury. Upon this point we are not at liberty to express any opinion as the jury have' passed upon all the evidence adduced upon the trial and no steps have been taken by which their judgment could be brought in review before this courts True it is, that the appellant, after the' testimony was closed, objected to the whole of it and asked leave to tender his bill of exceptions This court, in the case of Johnson vs. Ashley decided at the present term, laid down the rule upon this subject. It was there held thait where a party rests till his adversary has gone through a mass of testimony, and then moves for the first time to exclude the whole,that the court is not bound to regard his motion in case that any part of the testimony is competent to go .to the jury. If a party wishes to avoid the influence of testimony offered against him, he must move to exclude it at the time, and if the motion is overruled, file his exceptions and reserve the questions of law arising upon the testimony; but if he prefers to waive his exception^ at the time and to permit it all to go to the jury he can then bring it before this court only by a motion for a new trial. This point is broadly laid down in the case of Campbell vs. Thruston, 1 Eng. Rep. 442. It is manifest that the appellant has failed to adopt any one of the modes recognized by law to revise the questions either oflaworfact which were adjudicated in the court below. We are therefore of opinion that the judgment of the circuit court ought to be affirmed.* Judgment affirmed.-